UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE ANTHONY SMITH,

    Plaintiff,

vs.

Case No. 21-cv-11263

T. WINN, et. al.,

HON. MARK A. GOLDSMITH

    Defendants,
_____/

**OPINION & ORDER**
**SUMMARILY DISMISSING CASE**

Plaintiff Tyrone Anthony Smith, a prisoner currently confined at the Saginaw Correctional Facility (SRF) in Freeland, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint alleges a violation of the Eighth Amendment stemming from Defendants' deliberate indifference to hazardous conditions in the prison's kitchen that caused Plaintiff to fall and sustain injuries. For the reasons that follow, the complaint is dismissed with prejudice for failing to state a claim upon which relief can be granted.

**I. BACKGROUND**

In his complaint, Plaintiff alleges that on June 2, 2019, he was working in the kitchen at SRF. Compl. at PageID.11–13 (Dkt. 1). While pushing a food cart across the kitchen floor, Plaintiff stepped on an uncovered drainage hole, which caused him to slip and fall. Id. at PageID.14. Plaintiff claims that he wrenched his neck while falling, which exacerbated a pre-existing arthritic condition. Id. Prison medical personnel took x-rays of Plaintiff and placed him on several medications, including Tylenol, Ibuprofen, Mobic, and Naproxen. Id. at PageID.14–15. Plaintiff alleges that no other medical treatment has been given to him. Id. at PageID.15. In

conclusory fashion, Plaintiff alleges that he needs "possible surgery" and chiropractic treatment but does not specifically state why such treatment is needed. Id. at PageID.16.

Plaintiff brings suit against various staff members at SRF, including (i) T. Winn, the warden; (ii) W. Foy, the deputy warden; (iii) Ms. Walker, the assistant deputy warden; (iv) John Doe kitchen health and safety inspectors; (v) Mr. Krenzke, a kitchen staff member; (vi) Ms. T. Jackson, a kitchen staff member; (vii) Mr. Thomas, a kitchen staff member; (viii) Ms. Heatherington, a kitchen staff member; and (ix) Mr. Hildenbrandt, a kitchen staff member. Id. at PageID.2–4.[1] Plaintiff alleges that Defendants had an ongoing duty to inspect the drainage hole to ensure it was covered and that Defendants were deliberately indifferent to his safety in failing to discover and remedy the hazardous condition. Id. at PageID.7, 11. Plaintiff also maintains that Defendants have failed to provide him adequate medical care. Id. at PageID.16. As relief, he seeks both monetary damages and an injunction requiring Defendants to provide him medical care. Id.

## II. STANDARD OF DECISION

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails

---

[1] The complaint does not identify Defendants' first names; it only indicates a first-name initial or an honorific.

2

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

A pro se civil rights complaint is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520–521 (1972). Nevertheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." To meet this pleading standard, the plaintiff must allege sufficient facts to state a claim to relief above the speculative level, such that it is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard requires courts to accept the alleged facts as true, even when their truth is doubtful, and to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555–556.

Evaluating a complaint's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Although a complaint that offers no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" will not suffice, id. at 678, it need not contain "detailed factual allegations," Twombly, 550 U.S. at 555; see also Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rather, a complaint needs only enough facts to suggest that discovery may reveal evidence of illegality, even if the likelihood of finding such evidence is remote. Twombly, 550 U.S. at 556.

### III. ANALYSIS

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (i) the defendant acted under color of state law and (ii) the offending conduct deprived the plaintiff of rights secured by federal law. West v. Atkins, 487 U.S. 42, 48 (1988). "If a plaintiff

3

fails to make a showing on any essential element of a § 1983 claim, it must fail." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

Plaintiff's claim that Defendants failed to maintain the prison's kitchen in a safe condition is subject to dismissal because, at most, he alleges that Defendants were negligent. The Supreme Court has held that "[t]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis in original); see also Lewellen v. Metro. Gov't of Nashville and Davidson Cnty., Tenn., 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Likewise, an Eighth Amendment claim of deliberate indifference must be supported by more than an allegation of mere negligence. Harrison v. Ash, 539 F.3d 510, 522 (6th Cir. 2008); see also Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004) (citing Farmer v. Brennan, 511 U.S. 825, 835–836 (1994)) ("Negligent exposure to a risk is not sufficient to create an Eighth Amendment violation.").

Plaintiff's allegations that he slipped and fell over an uncovered drainage hole and that Defendants failed to discover and remedy the hazardous condition sound purely in negligence. Plaintiff does not allege that Defendants deliberately decided not to repair the drain in an effort to inflict bodily injury on him. Rather, the complaint accuses Defendants of negligence and references several negligence-based concepts such as the standard of reasonable care, open and obvious dangers, and duty to warn. Compl. at PageID.11–12, 14. Accordingly, Plaintiff fails to state a claim for relief under § 1983. See Daniels, 474 U.S. at 332 (holding that the Fourteenth Amendment did not afford a remedy for injuries allegedly sustained by an inmate in a city jail who slipped on a pillow negligently left on a stairway by correctional deputy); White v. Tyszkiewicz,

4

27 F. App'x. 314, 315 (6th Cir. 2001) (holding that allegations that state prisoner slipped and fell on ice at most alleged that prison officials were negligent in their duty to protect the prisoner from the hazardous condition, and thus did not state claim under the Eighth Amendment); White v. Hamilton Cnty. Jail, No. 1:08-CV-53, 2011 WL 864855, at *6 (E.D. Tenn. Mar. 10, 2011) (holding that prisoner's claim that he fell over an uncovered drainage hole alleged negligence at most).

Plaintiff's claim that Defendants failed to adequately treat his injuries is likewise subject to dismissal. Under the Eighth Amendment, prison officials must provide adequate medical care to prisoners. Farmer, 511 U.S. at 832. The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when prison officials act with deliberate indifference to the serious medical needs of an inmate. Estelle v. Gamble, 429 U.S. 97, 104–105 (1976). Determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs involves an objective and subjective component. Napier v. Madison Cnty., Ky., 238 F. 3d 739, 742 (6th Cir. 2001). The objective component requires an inmate to show that the alleged deprivation is sufficiently serious and poses a substantial risk of serious harm. Id. The subjective component is satisfied if the inmate shows that prison officials had a "sufficiently culpable state of mind." Id. (punctuation modified). In other words, to prove deliberate indifference, a plaintiff must show that the defendant "knew of, yet disregarded, an excessive risk to his health." Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997).

Plaintiff failed to plausibly allege that Defendants failed to treat his neck condition adequately. Defendants took x-rays and have prescribed several medications, some of which Plaintiff is still taking. Plaintiff does not explain why this treatment was inadequate and instead states in conclusory fashion that he may require surgery or chiropractic treatment. Accordingly, Plaintiff does not allege that Defendants completely ignored his medical condition but only appears

5

to disagree with the course of treatment. "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." Rhinehart v. Scutt, 894 F.3d 721, 744 (6th Cir. 2018). Instead, "'forms of treatment' are generally 'a classic example of a matter for medical judgment' that 'does not represent cruel and unusual punishment.'" Id. at 744–745 (quoting Estelle, 429 U.S. at 106).

Nor does Plaintiff set forth allegations explaining Defendants' roles in his medical care or the medical context in which Defendants supposedly failed to act. Such conclusory allegations devoid of any specific indication of the deficiencies in medical care are insufficient to state a claim for relief. See Smith v. Yarrow, 78 F. App'x 529, 537–538 (6th Cir. 2003) (holding that allegations of indifference on the part of prison medical staff, with no indication of the specific deficiencies in care, were insufficient to sustain an Eighth Amendment claim); Kesterson v. Moritsugu, 149 F.3d 1183 (Table) (6th Cir. 1998) (holding that the plaintiff must allege "specific actions that constituted deliberate indifference" and could not prevail simply by alleging that his primary care physician acted with deliberate indifference by failing to properly treat his worsening condition); Curtis v. Cnty. of St. Clair, No. 1:17-CV-13775, 2018 WL 3405412, at *3 (E.D. Mich. June 13, 2018), adopted by 2018 WL 3738098 ("Plaintiff also fails to identify any particular instance in which a specific defendant ignored a complaint or denied a request for a grievance form, rendering his allegations irreparably conclusory as to who was personally involved in this alleged constitutional violation.").

Plaintiff has also filed a motion for the appointment of counsel. Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil rights case. Abdur-Rahman v. Mich. Dep't of Corr., 65 F.3d 489, 492 (6th Cir. 1995). Appointment of counsel is not appropriate in a civil case where, as here, a pro se

litigant's claims are frivolous or without merit. See Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993). Accordingly, the Court denies this motion.

## IV. CONCLUSION

Plaintiff's civil rights complaint is summarily dismissed for failing to state a claim upon which relief can be granted. Plaintiff's motion for the appointment of counsel is denied (Dkt. 3). Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by plaintiff would be frivolous and could not be undertaken in good faith. See Alexander v. Jackson, 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

SO ORDERED.

Dated: June 14, 2021　　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 14, 2021.

　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　Case Manager